**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

ZYPREXA PLAINTIFFS' STEERING       :
COMMITTEE       :
      :
      Plaintiff       :
      :
      v.       :       Case No. PJM 05-1052
      :
FOOD AND DRUG ADMINISTRATION       :
      :
      Defendant       :

REPORT AND RECOMMENDATION

Pending before the court are Zyprexa Plaintiffs' Steering Committee's ("PSC") Motion to

Compel (Docket No. 1) and the Food and Drug Administration's ("FDA") Motion to Quash or

Modify Subpoena Duces Tecum and Opposition to the Motion to Compel (Docket No. 4). PSC filed

a Memorandum Regarding FDA's Motion to Quash or Modify the Subpoena Duces Tecum (Docket

No. 8) and the FDA filed a Reply (Docket No. 9). Defendant and Plaintiff respectively supplemented

their papers with correspondence. *See* Docket Nos. 10 - 11. This matter was referred to the

undersigned by the Honorable Peter J. Messitte for the resolution of all discovery and related

scheduling matters (Docket No. 6).[1] A telephone conference was held in this matter with all counsel on

July 12, 2005.

Background

---

[1] Pretrial matters that are not case dispositive and are referred to a magistrate judge for resolution are adjudicated under the provisions of 28 U.S.C. § 636(b)(1)(A). Because the proposed disposition of this matter would result in this case being transferred to a MDL judge for adjudication, and thus terminate the case in this district, the magistrate judge has elected to treat this matter in accordance with the report and recommendation procedure contained in 28 U.S.C. § 636(b)(1)(B).

1

A series of personal injury lawsuits against Eli Lilly and Company ("Lilly") have been consolidated by the Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 1407 before the Honorable Jack B. Weinstein in the Eastern District of New York.  The case is captioned In Re: Zyprexa Product Liability Litigation, MDL 1596.  Lilly is the producer of the drug, Zyprexa, (generically known as olanzapine) which is used in the treatment of schizophrenia and bipolar disorders. The plaintiffs contend that they developed diabetes-related conditions from their use of Zyprexa and were not informed of this risk by Lilly.

In early June 2005 approximately 75% of the cases settled.  In Case Management Order 12 dated June 30, 2005, Judge Weinstein stayed all discovery until July 31, 2005 and vacated the trial date of December 5, 2005 for those cases pending in the Eastern District of New York, provided those cases are settled before then.[2]

The PSC has filed a motion in this court seeking an order compelling the FDA to produce documents relating to the prescription drug Zyprexa which were subpoenaed on August 11, 2004. The parties have consulted with each other since mid 2004 concerning compliance with the subpoena.  The parties have discussed narrowing the breadth of the subpoena and have discussed dates when compliance with the subpoena from the FDA would be forthcoming.  The relationship between the parties is professional.  Recently, the PSC has become more concerned about prompt compliance with the subpoena as the December 5, 2005 trial date for unsettled cases originating in the Eastern District of New York looms larger.

---

[2] During the July 12, 2005 telephone conference counsel advised the court that no other trial dates had been set in any other district.

2

While the FDA has objected to some requests on trade secret and confidential commercial information grounds,[3] on the basis of the deliberative process privilege, and on the basis that certain documents could be more easily obtained through other sources, the principal objection voiced by the FDA at this time is that immediate compliance would disrupt FDA's queuing system for responding to subpoenas and Freedom of Information Act ("FOIA") requests.

The FDA has twenty-four full time employees and an additional one to seven full time contractors assigned to respond to third-party subpoenas and FOIA requests. The FDA estimates that the response to the PSC subpoena will number in the tens of thousands, if not hundreds of thousands of pages. After all the responsive documents have been gathered by the FDA, a page by page, line by line review of the responsive documents is done to determine whether any privileges (trade secret, confidential commercial information or deliberative process) apply requiring redaction.

Currently, the FDA is responding to two third-party subpoenas (excluding the subpoena at issue), both of which were received before the PSC's subpoena.[4] The Zyprexa subpoena is next in line followed by a fourth matter.[5] FOIA requests are processed in a separate queue. The FDA currently

_____

[3] The improper release of trade secret information is a violation of both the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 331(j), and the Federal Trade Secrets Act, 18 U.S.C. § 1905.

[4] In In re:Schering-Plough Corp. Securities Litigation, Master File No. 01-CV-0829 (D.N.J.), a third party-subpoena was served on FDA in November 2002. The subpoena requested documents concerning FDA's inspections of Schering-Plough's manufacturing facilities, complaints regarding Schering-Plough's products, and the approval and manufacturing of Clarinex. There are approximately 45,000 pages of responsive documents.
    In Garber v. Pharmacia Corp., Case No. 03-1519 (D.N.J.), a third-party subpoena was served on FDA on July 14, 2004. The subpoena requested documents concerning the efficacy, gastrointestinal safety, or possible gastrointestinal side effects of Celebrex, and any other possible gastrointestinal advantages or disadvantages of Celebrex compared to other non-steroidal anti-inflammatory drugs. There are well over 50,000 pages of responsive documents.

[5] On February 15, 2005, Public Citizen v. Food and Drug Administration, Civil Action No. 05-0118 (ESH), was filed in the United States District Court for the District of Columbia. The plaintiff submitted a FOIA request for

has a backlog of approximately 4,900 FOIA requests and in 2005 is averaging 363 new FOIA requests a month.

In the telephone conference of July 12, 2005, the FDA stated that it will shortly begin compliance with the third-party subpoena in the Zyprexa case.  The FDA expects to begin production of documents in October 2005.

Applicable Law

The Fourth Circuit has held that "[w]hen the government is not a party, the APA [Administrative Procedure Act] provides the sole avenue for review of an agency's refusal to permit its employees to comply with subpoenas."  COMSAT Corp. v. National Sci. Found., 190 F.3d 269, 274 (4th Cir. 1999).  The Second Circuit in Environmental Protection Agency v. General Electric Company, 197 F.3d 592, 599 (2d Cir. 1999) agreed with the COMSAT court.  Therefore, compliance with third-party subpoenas directed against the government is not governed by Rule 45 of the Federal Rules of Civil Procedure.  Rather the court should review the agency's refusal to provide subpoenaed material under the "arbitrary and capricious" standard.  *See* 5 U.S.C. § 706.  Review of the agency's action, considered in light of the agency's *Touhy*[6] regulations,[7] occurs when the agency's action is final.  The Supreme Court has instructed that an agency action may be considered "final" only when the action signals the consummation of an agency's decision-making process and gives rise to legal rights or consequences.  *See* Bennett v. Spear, 520 U.S. 154, 177-78 (1997).

---

records relating to the drug Parecoxib.

[6] United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

[7] *See* 21 C.F.R. pt. 20 (2005).

The PSC has requested this court to either transfer this matter to the MDL Judge for decision or to consult with the MDL Judge prior to ruling.  In a hearing held before Judge Weinstein on June 30, 2005, the following colloquy occurred:

> MS. GUSSACK (Counsel for Eli Lilly): [W]hile we are waiting on the subject of the further conference, counsel for the PSC and I wanted to raise with the Court [that] there is a pending motion involving plaintiff's motion to compel documents from the FDA pending before the District Court in Maryland.  We were wondering whether it's most efficient to seek transfer of that motion to this Court or to work with Mr. Woodin to ensure consistency.
>
> JUDGE WEINSTEIN: I would be very pleased to have it transferred if the transfer Court wants to transfer it here.  I will allow Mr. Woodin to see what he can work out with you, if you weren't happy, have you appeal to me.  That seems satisfactory, if it is, to proceed that way
>
> *   *   *
>
> MR. LONDON (PSC Counsel): I think we had sent copies of the motion to you; it's before Judge Connelly in [the] District Court in Maryland.
>
> JUDGE WEINSTEIN: Depending on what he wants to do.  If he wants to decide it, fine.  If he wants to transfer to me, I would be very happy to take it.

Docket No. 11, Ex. 2.

Most courts have concluded that MDL Judges are deemed to sit in every court in the country and thus do have the power to decide the merits of a motion to compel a non-party subpoena served in another federal judicial district.  *See* United States ex rel. Pogue v. Diabetes Treatment Center of America, Inc., 238 F. Supp.2d 270 (D.D.C. 2002).  Judge Weinstein is both willing and able to decide this motion.

<u>Analysis</u>

The PSC prefers that Judge Weinstein decide this motion as he could factor in his decision the

status of pretrial proceedings in his MDL case as well as the December 5, 2005 trial date.  The FDA

wants the District of Maryland to decide this matter as the FDA is headquartered in Maryland and in

addition, the FDA has a legitimate concern that only one district court rule on its third-party subpoena

responses to insure a consistent application of the law.  The FDA would experience great difficulty if

different district courts ruled that the subpoenas issued in their cases were to take precedence over

subpoenas issued in other cases.   While the FDA's queuing process may be slow, it does provide an

orderly and fair process.

       The fact that this discovery dispute is part of a MDL proceeding is very important.  In enacting

the MDL statute Congress stated that the consolidation of cases involving one or more common

questions of fact pending in different districts "will promote the just and efficient conduct of such

actions."  28 U.S.C. 1407 (a).  The Federal Judicial Center's <u>Manual for Complex Litigation (Fourth)</u>

§11.424 (2004) advocates the centralized resolution of discovery disputes by the MDL Judge.

       In light of the fact that the discovery dispute in question is part of a MDL proceeding and that

the MDL statute and the Federal Judicial Center state a clear preference that the MDL Judge rule on all

discovery motions, the undersigned recommends that the PSC Motion to Compel (Docket No. 1) and

the FDA's Motion to Quash or Modify the Subpoena (Docket No. 4) BE TRANSFERRED to the

Honorable Jack B. Weinstein, Judge for the United States District Court for the Eastern District of

New York, for resolution.


August 10, 2005                                    _____/s/_____
                                                   William Connelly
                                                   United States Magistrate Judge